IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH K. BUSHNELL, #S10206, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-02672-JPG |
| ) | |
| MADISON COUNTY JAIL, ILLINOIS, ) | |
| SGT. CALDWELL, and ) | |
| STEPHEN RIDINGS, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Joseph K. Bushnell, a pretrial detainee at Madison County Jail ("Jail"), filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 15, 2022.[1] (Doc. 1). In the Complaint, Plaintiff complains that he was exposed to unconstitutional conditions of confinement at the Jail when he was required to sleep on the floor from August 4-28, 2022. (*Id*. at 1-14). The Complaint includes no request for relief. (*Id*.). The Court is required to screen the Complaint pursuant to 28 U.S.C. § 1915A and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff originally filed suit with seventeen other plaintiffs. (Doc. 1, pp. 2-3). However, Bushnell was the only plaintiff who complied with the Court's Order to either prepay the filing fee for this action or file a motion for leave to proceed *in forma pauperis* ("IFP") by December 16, 2022. (Doc. 5). All others failed to respond to the Court's Order, despite warnings that their failure to file for IFP or prepay the filing fee would result in dismissal from this lawsuit. The Court dismissed the seventeen other plaintiffs from this action on January 4, 2023. (Doc. 13). Bushnell is the only remaining plaintiff.

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1): On August 4, 2022, Plaintiff was instructed to sleep on the holding floor at Madison County Jail, and he was required to sleep on the Jail's floor until August 28, 2022.  (*Id*. at 6-8).

Based on the allegations summarized above, the Court designates the following claim in the *pro se* Complaint:

> **Count 1:**    Fourteenth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement at the Jail by requiring him to sleep on the Jail's floor from August 4-28, 2022.

**Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

The Fourteenth Amendment Due Process Clause governs a pretrial detainee's claim for unconstitutional conditions of confinement.  *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019). Because a pretrial detainee is not yet convicted of a crime, he is not subject to punishment for it. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  Therefore, he cannot be detained in conditions that amount to punishment or cruel and unusual punishment.  *Id*.  Inmates must have access to "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities."  *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016).

A Fourteenth Amendment claim arises when a defendant "purposefully, knowingly, or perhaps even recklessly" subjects a detainee to objectively unreasonable conditions or care.  *See Ferguson v. Cook County Correctional Facility/Cermak*, 836 F. App'x 438, 441 (7th Cir. 2020)

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

(citing *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018)).  Negligence does not give rise to a claim.  *Id*. (citing *Miranda*, 900 F.3d at 353).  Plaintiff must allege personal involvement in a constitutional deprivation by each individual defendant.  *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 384 (7th Cir. 1988).  A "causal connection" or an "affirmative link" between the misconduct and the official sued is necessary.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

Plaintiff names the county jail and two officers as defendants.  However, he does not mention them in a statement of his claim.  He fails to explain how any of the defendants caused a deprivation of his constitutional rights.  He does not allege that any individual defendant knew of the conditions giving rise to his claims or that any defendants played a role in the decision to have him sleep on the floor.  He has failed to show any connection between the individual defendants and a constitutional deprivation.  Accordingly, Count 1 shall be dismissed without prejudice against all three defendants for failure to state a claim upon which relief may be granted.

Therefore, the Complaint shall be dismissed without prejudice.  If Plaintiff wishes to pursue his claims, he may file a First Amended Complaint.  He is warned that failure to comply with the below instructions and deadline for doing so shall result in dismissal of this suit for failure to comply with a court order.  *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) (including **COUNT 1** against **ALL DEFENDANTS**) is **DISMISSED** without prejudice for failure to state a claim for relief.  The Clerk's Office is **DIRECTED** to **TERMINATE ALL DEFENDANTS** as parties in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 19, 2023**.  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.

FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. Plaintiff should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-02672-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing within **7 days** of a transfer or other change in address. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 6/21/2023                    s/J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **United States District Judge**