IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH K. BUSHNELL, #S10206,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>MADISON COUNTY JAIL, ILLINOIS,  )<br>SGT. CALDWELL, and  )<br>STEPHEN RIDINGS,  )<br>  )<br>  Defendants.  )  | Case No. 22-cv-02672-JPG |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Joseph Bushnell filed this action pursuant to 42 U.S.C. § 1983 for constitutional violations that occurred during his pretrial detention at Madison County Jail ("Jail").[1]  (Doc. 1). In the Complaint, Plaintiff complains that he was exposed to unconstitutional conditions of confinement at the Jail when he was required to sleep on the floor from August 4-28, 2022. (*Id*. at 1-14).  He includes no request for relief. (*Id*.).

The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed on June 21, 2023.  (Doc. 31) ("Order Dismissing Complaint").  Plaintiff was granted leave to file a First Amended Complaint on or before July 19, 2023.  (*Id*.).  He was warned that the action would be dismissed with prejudice, if he failed to file the First Amended Complaint consistent with the deadline and instructions set forth in the Order Dismissing Complaint.  (*Id*. at 3-4) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d

---

[1] Plaintiff originally filed suit with seventeen other plaintiffs.  (Doc. 1, pp. 2-3).  However, the Court dismissed the seventeen plaintiffs from this action on January 4, 2023.  (Doc. 13).  Bushnell is the only remaining plaintiff.

1

466 (7th Cir. 1994)).  Plaintiff was also warned that he would incur a "strike" under 28 U.S.C. § 1915(g).  (*Id*.).

Plaintiff missed the deadline for filing the First Amended Complaint.  Almost two weeks have passed since the deadline expired, and Plaintiff has not requested an extension.  In fact, the Court has heard nothing from him since November 30, 2022.  (Doc. 8).

In addition, Plaintiff's mail has also been returned undeliverable.  The Court repeatedly advised Plaintiff of his continuing obligation to inform the Court of address changes:

> Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  **Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.**  *See* FED. R. CIV. P. 41(b).

*See* Doc. 31 (emphasis added). *See also* Doc. 3.  Plaintiff failed to update his address, resulting in the return of numerous documents.  (*See* Docs. 13, 14, 22, 31, and 32).

The Court will not allow this matter to linger indefinitely.  This action shall be dismissed with prejudice based on Plaintiff's failure to comply with the Order Dismissing Complaint (Doc. 31) by filing a First Amended Complaint on or before July 19, 2023.  *See* FED. R. CIV. P. 41(b).  The action shall also be dismissed based on Plaintiff's failure to comply with the Orders to update his address. (Docs. 3 and 31).  This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Court's Order to file a First Amended Complaint (Doc. 31) and the Court's Orders to update his address (Docs. 3 and 31).  *See* FED. R. CIV. P. 41(b); *Ladien*

*v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Plaintiff's three allotted "strikes" under Section 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 8/1/2023**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**